Filed 6/28/21  P. v. Finley CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARINO WAYNE FINLEY,<br><br>    Defendant and Appellant. | A159633<br><br>(Contra Costa County<br>Super. Ct. No. 5-180967-2) |

**MEMORANDUM OPINION**[1]

After a jury trial, Marino Wayne Finley was convicted of second degree burglary (Pen. Code, §§ 459, 460, subd. (b))[2] and receiving stolen property (§ 496, subd. (a)).  The trial court suspended imposition of sentence and placed him on formal probation for three years.  Finley appeals, contending the period of his probation must be reduced to two years.  We agree.

At the time the trial court placed Finley on probation, section 1203.1, subdivision (a), authorized imposition of felony probation "for a period of time not exceeding the maximum possible term of the sentence" or, where the

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] Undesignated statutory references are to the Penal Code.

maximum possible term was five years or less, for a maximum of five years. (Former § 1203.1, subd. (a), as amended by Stats. 2010, ch. 178, § 75; *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1070.)  While Finley's appeal was pending, the Legislature enacted Assembly Bill No. 1950 (2019–2020 Reg. Sess.), which limits felony probation to a maximum term of two years for most felony offenses, with exceptions that do not apply here.  (§ 1203.1, subds. (a), (m); Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.)

The People concede that the ameliorative amendment applies retroactively to judgments, like Finley's, that are not yet final.  (*People v. Stewart, supra,* 62 Cal.App.5th at p. 1074; *People v. Sims* (2021) 59 Cal.App.5th 943, 964; *People v. Quinn* (2021) 59 Cal.App.5th 874, 881, 883.) We agree.  However, the People ask us to remand the case so that the trial court may correct the probationary term after addressing Finley's progress and compliance.  (See *People v. Lord* (2021) 64 Cal.App.5th 241, 246 [remanding for resentencing]; *People v. Sims, supra,* 59 Cal.App.5th at pp. 947, 964 [same].)  We agree with Finley that resentencing in this instance would waste scarce judicial resources.  Nothing stated in this opinion precludes a party from seeking expungement or modification of Finley's probation terms in the trial court.  (See *People v. Quinn, supra,* 59 Cal.App.5th at p. 885, fn. 6.*)*

### DISPOSITION

The trial court is directed to modify its January 17, 2020 minute order to specify a two-year term of probation and to notify the Contra Costa County Probation Department of that modification.  In all other respects, the judgment is affirmed.

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
RODRIGUEZ, J.*

A159633

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.